ACCEPTED
06-15-00110-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
9/16/2015 4:57:26 PM
DEBBIE AUTREY
CLERK

IN THE COURT OF APPEALS

SIXTH DISTRICT OF TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

TEXARKANA, TEXAS

9/17/2015 8:29:00 AM

DEBBIE AUTREY
Clerk

DEREK CLINTON WARD
      Appellant

Vs                                                06-15-00110-CR

THE STATE OF TEXAS
      Appellee

---

ON APPEAL FROM

THE 124TH JUDICIAL DISTRICT COURT

OF GREGG COUNTY, TEXAS

TRIAL COURT NO.  42,433-B

---

BRIEF ON BEHALF OF APPELLANT

---

TIM CONE
State Bar #04660350
P.O. Box 413
Gilmer, Texas 75644
(903) 725-6270
e-mail:  timcone6@aol.com

ATTORNEY FOR THE APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

DEREK CLINTON WARD
P.O. BOX 127
MT. ENTERPRIZE, TEXAS  75681
APPELLANT

LANCE LARISON
P.O.BOX 232
LONGVIEW, TEXAS  75606
APPELLANT'S COUNSEL AT TRIAL

CHRIS PARKER, GREGG  COUNTY ASST. CRIM. DIST. ATTORNEY
101 E. METHVIN
LONGVIEW, TEXAS  75601
APPELLEE'S COUNSEL AT TRIAL

TIM CONE
P.O. BOX 413
GILMER, TX  75644
APPELLANT'S COUNSEL ON APPEAL

ZAN BROWN
GREGG COUNTY ASSIST. CRIM. DIST. ATTORNEY
101 E. METHVIN
LONGVIEW, TEXAS  75601
APPELLEE'S COUNSEL ON APPEAL

## **<u>TABLE OF CONTENTS</u>**

Page No.

List of Parties and Counsel………………………………………………. 2

Table of Contents…………………………………………………… 3

Index of Authorities………………………………………………… 4

Statement of the Case…………………………………………………. 6

Point of Error Number One……………………………………………… 7,10
      The trial court did not act as a neutral and detached fact finder.

Statement of Facts…………………………………………………. 8

Summary of Argument…………………………………………………. 10

Conclusion and Prayer………………………………………………….. 12

Certificate of Compliance…………………………………………………. 12

Certificate of Service…………………………………………………. 13

# INDEX OF AUTHORITIES

PAGE

**CONSTITUTIONS:**

14TH Amendment, U.S. Constitution…………………………    10


**STATE CASES**:

Dockstader v. State, 233 SW 3d 98 (Tex.App.Houston[14th Dist.]
      2007……………………………………………………….    10
Johnson v. State, 452 SW 3d 398 (Tex.App.Amarillo 2014)….    10

**STATUTES**:

Texas Code of Criminal Procedure, Art. 1.04………………..    10

NO. 06-15-00110-CR

IN THE

COURT OF APPEALS

FOR THE

SIXTH JUDICIAL DISTRICT OF TEXAS

DEREK CLINTON WARD,
APPELLANT
VS.

THE STATE OF TEXAS
APPELLEE

TO THE HONORABLE JUSTICES OF SAID COURT:

COMES NOW, the Appellant by and through his Attorney, namely Tim Cone, hereinafter referred to as Appellant, and submits this brief in support of reversing the judgment and sentence pursuant to the provisions of the Texas Rules of Appellate Procedure in Cause No. 06-15-00110-CR in the 124th Judicial District Court of Gregg County, Texas, (Trial Court Cause No. 42,433-B).

## STATEMENT OF THE CASE

The Appellant was indicted by the Gregg County Grand Jury for the offense of State Jail Felony Theft on March 28, 2013. CR4. On May 16, 2014, the Appellant waived his right to a jury trial. 2RR. There was an announcement that the disposition of the case would an open plea. On July 7, 2014, the case was called and an announcement was made that the Appellant was going to hire counsel (previous counsel was court appointed). 3RR3 ( The page numbers for this volume of the Reporter's Record are an educated guess as the copy received by counsel did not have page numbers. However, this volume is very short.) At this hearing, court appointed counsel advised she was going to file a Motion to Withdraw in the case. 3RR5. With new counsel, the Appellant entered a guilty plea on April 9, 2015. 4RR4. Again, there was an indication that the disposition would be an open plea but there was a statement made by the State that indicated there may be a plea bargain, as well. 4RR5. Nonetheless, the trial court admonished the Appellant regarding the process of an open plea. 4RR5. On May 21, 2015, the sentencing hearing was held. The process was that of an open plea as the record indicated the State would recommend probation as a plea bargain if the Appellant paid restitution on the day of sentencing but the Appellant failed to do so. 5RR26. The trial court assessed punishment at 22 months confinement in State Jail. The Appellant now brings this appeal to reverse the sentence assessed.

For clarity, THE STATE OF TEXAS will be referred to as "the State", and Derek Clinton Ward will be referred to as "Defendant" or "Appellant."

## ISSUES PRESENTED

## POINT OF ERROR NUMBER ONE

The trial court did not act as a neutral and detached fact finder.

**STATEMENT OF THE FACTS**

Since sufficiency of the evidence is not a point of error, a fairly short rendition of the facts will suffice. Further, the record is not long or particularly complicated. The Appellant was employed by the victim in the case. Although there was a suspicion on the part of the employer that the Appellant had abused the company credit card, no such allegation was alleged or proven.5RR5. Nevertheless, the employer decided the Appellant had abused the credit card privilege and withheld the Appellant's last paycheck as a result of his belief-a belief that was either untrue or there was insufficient evidence to prove the belief.5RR11,12. The Appellant felt he was being treated unfairly by the employer withholding his earned paycheck and he took a welding machine and attached cables belonging to the business and pawned them.5RR21,23; State's Exhibit 2. Thus, the allegation in the indictment of theft. The Appellant admitted his guilt in the theft.5RR23.

Some of the process in resolving the case was stated in the previous section of this brief and will not be needlessly repeated here. Apparently, there was an agreement that the State would recommend a probation if the Appellant paid full restitution on the date of sentencing but if he did not so pay, the sentencing would proceed as an open plea and the trial court would set the punishment without a plea bargain.4RR5;5RR26,27,39. On the day of sentencing, the Appellant did not have the

full restitution.5RR27. The value of the welding machine was apparently either $3500 or $3750 and the Appellant came to sentencing with $1000 (his mother's money).5RR23;CR28;State's Exhibit 2.. The Appellant explained, in testimony, that he gotten laid off and had no income.5RR14. He also testified his unemployment income was to begin soon.5RR15 He also testified he had undergone 4 spinal surgeries, had a rod in his back and that he was in a great deal of pain.5RR16,17. He also testified he was not working to let his back heal better.5RR16,28. This matter had been explained to the officer who prepared the Presentence Investigation Report submitted to the trial court.5RR16,17. The trial court took the role of interrogation at the hearing by asking the Appellant when he had last worked in the oil field and accused the Appellant of taking a vacation for a month and a half instead of trying to get the restitution.5RR28-30. When sentencing the Appellant to 22 months confinement, the trial court told the Appellant that he should have gotten any job-even flipping burgers at McDonald's-to get the restitution and again suggesting the Appellant had simply taken a vacation instead of working on the restitution.5RR40,41. The trial court added that he would be unlikely to approve the 20% reduction in sentence that is allowed by law for State Jail sentences.5RR41.

## SUMMARY OF THE ARGUMENT

While this case is somewhat unusual in that there was a plea bargain for probation if the Appellant paid full restitution up front but no plea bargain if he did not pay, all parties apparently agreed to this disposition so a suggestion that the proposal was inappropriate would be useless. However, the error in the case took place at sentencing. The trial court seemed to take on the role of prosecutor and abandoned his role a neutral and detached fact finder, which is the appropriate role under Due Process and Due Course of Law.

## POINT OF ERROR NUMBER ONE

The trial court did not act as a neutral and detached fact finder.

## ARGUMENT

The Due Process Clause of the 14th Amendment to the U.S. Constitution and the concept of Due Course of Law as set out in the Texas Code of Criminal Procedure, Art. 1.04 require that an accused is due the judgment of a neutral and detached fact finder at trial and throughout the judicial process. This concept is fundamental the concept of criminal justice in the United States and, specifically, Texas. Dockstader v. State, 233 S.W.3d 98 (Tex.App-Houston[14thDist.] 2007) and Johnson v. State, 452 S.W.3d 398 (Tex.App. Amarillo 2014). Appellant's attorney

could cite numerous other case and authorities for this proposition but the concept is so well established that it is not necessary. The question here is whether the trial court stepped out of that role in the case at bar and lost that quality of neutrality and detachment. While Appellant's counsel has very high regard for this trial judge and has often seen this trial court judge perform this sometimes difficult task of neutrality and detachment at the highest level, in the case at bar the trial court failed to do so. The basic deal in the case at bar was that if the Appellant paid full restitution of $3750 at sentencing, he would receive a probation but, if not, the plea would proceed as an open plea and the full range of punishment would be open to the trial court. The evidence at the sentencing hearing clearly showed the Appellant had limited financial resources in that he had 4 back surgeries, a rod in his back and was in constant pain. Yet, through the questioning by the trial court, it was clear the trial court believed the Appellant was malingering. The record does not reflect malingering. The suggestion by the trial court that the Appellant was taking a vacation under the physical condition suffered by the Appellant shows the lack of neutrality and appropriate detachment. The suggestion by the trial court that the Appellant would be unlikely to receive the 20% time reduction that is available to State Jail offenders further shows the trial court lost those essential qualities of neutrality and detachment. The only proper resolution in the case at bar is to reverse the sentence of the trial court and remand the case for a new punishment hearing.

## **CONCLUSION AND PRAYER**

For the reasons herein alleged, the sentence of the trial court should be reversed and remanded for a new punishment hearing.

Respectfully submitted,

/s/Tim Cone

_____

TIM CONE
Attorney At Law
P.O. Box 413
Gilmer, Texas  75644
e-mail:  timcone6@aol.com
ATTORNEY FOR APPELLANT

## **CERTIFICATE OF COMPLIANCE**

I certify that the foregoing document complies with Texas Rules of Appellate Procedure, Rule 9 regarding length of documents, in that exclusive of caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix, it consists of 1775 words.

/s/Tim Cone

_____

TIM CONE
ATTORNEY FOR APPELLANT

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing Appellant's Brief has been provided to the Honorable Zan Brown, Gregg County Assistant Criminal District Attorney on September 16, 2015.

/s/Tim Cone

_____

TIM CONE
Attorney At Law